UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TINA NGUYEN CRUZ, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>KATE SPADE & COMPANY, LLC,<br><br>Defendant. | Case No. 2:19-cv-00952-APG-BNW<br><br>**JOINT STIPULATION TO STAY DISCOVERY FOR SIXTY DAYS OR UNTIL A RULING ON KATE SPADE'S MOTION TO DISMISS HAS BEEN ENTERED, WHICHEVER OCCURS SOONER (FIRST REQUEST)**<br><br>Compl. Filed: June 5, 2019<br>Trial Date: None Set |

**JOINT STIPULATION**

Plaintiff Tina Nguyen Cruz ("Plaintiff") and Defendant Tapestry, Inc. (erroneously sued as Kate Spade & Company, LLC) ("Kate Spade"), through their respective counsel, hereby stipulate as follows:

1. Good cause exists to stay the Federal Rule of Civil Procedure 26(f) conference of counsel and all subsequent discovery for sixty (60) days or until a ruling on Kate Spade's Motion to Dismiss and to Strike ("Motion to Dismiss") has been entered, whichever occurs sooner.

2. Plaintiff's Class Action Complaint ("Complaint") was filed on June 5, 2019 (Dkt. No. 1).

3. Kate Spade filed its Motion to Dismiss on September 16, 2019 (Dkt. No. 11), Plaintiff filed her Opposition on September 30, 2019 (Dkt. No. 14), and Kate Spade filed its Reply in support of its Motion to Dismiss on October 7, 2019 (Dkt. No. 17).

4. The Court has not yet ruled on Kate Spade's Motion to Dismiss.

5. Accordingly, the parties jointly request that the Court stay the Federal Rule of Civil Procedure Rule 26(f) conference of counsel and all subsequent discovery for sixty (60) days or until a ruling on Kate Spade's Motion to Dismiss has been entered, whichever occurs sooner.

6. The parties will meet and confer regarding the propriety of extending the stay or another resolution at least ten (10) business days prior to the expiration of the proposed stay if the Court has not yet ruled on Kate Spade's Motion to Dismiss.

7. This request is made in good faith and the proposed stay will not cause prejudice to either party. This is the parties' first request to stay discovery.

//
//
//
//
//
//
//

8. The parties reserve all rights regarding the propriety, scope, and timing of discovery upon expiration of this proposed stay.

**IT IS SO STIPULATED AND REQUESTED, THROUGH THE BELOW COUNSEL OF RECORD**:

| Dated: December 20, 2019 | Dated December 20, 2019 |
|---|---|
| /s/ *Walter R. Cannon* | /s/ *Miles N. Clark* |
| **OLSON, CANNON, GORMLEY, ANGULO & STROBERSKI** <br> Walter R. Cannon (Nev. Bar No. 001505) <br> 9450 West Cheyenne Avenue <br> Las Vegas, Nevada 89129 | **KNEPPER & CLARK LLC** <br> Matthew I. Knepper (Nev. Bar No. 12796) <br> Miles N. Clark (Nev. Bar No. 13848) <br> 5510 S. Fort Apache Rd., Suite 300 <br> Las Vegas, NV 89148-7700 |
| By: _____ <br> *Attorneys for Tapestry, Inc.* | By: _____ <br> *Attorneys for Tina Nguyen Cruz* |
| Dated: December 19, 2019 | Dated December 19, 2019 |
| **SHEPPARD, MULLIN, RICHTER & HAMILTON LLP** <br> P. Craig Cardon <br> (Cal. Bar. 168646, admitted *pro hac vice*) <br> Dylan J. Price (Cal. Bar No. 258896) <br> Bridget J. Russell (Cal. Bar No. 288107) <br> 1901 Avenue of the Stars, Suite 1600 <br> Los Angeles, California 90067-6055 <br><br> By: _____ <br> *Attorneys for Tapestry, Inc.* | **FINKELSTEIN THOMPSON LLP** <br> Gordon M. Fauth, Jr. <br> (Cal. Bar No. 190280, admitted *pro hac vice*) <br> Hope E. Ranoa (Cal. Bar No. 298366) <br> 15 Shattuck Square, Suite 245 <br> Berkeley, CA 94704 <br><br> **FINKELSTEIN THOMPSON LLP** <br> Mila Bartos (DC Bar No. 464227) <br> Rosalee B.C. Thomas (DC Bar No. 492770) <br> 3201 New Mexico Ave., Suite 395 <br> Washington, DC 20016 <br> Phone: (202) 337–8000 <br> Email: mbartos@finkelsteinthompson.com <br> Email: rbcthomas@finkelsteinthompson.com |
| _____ | By: _____ <br> *Attorneys for Tina Nguyen Cruz* |

**IT IS SO ORDERED**

**DATED:** 12/23/19

*[signature]*

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**IT IS HEREBY ORDERED that ECF No. 28 is GRANTED. IT IS FURTHER ORDERED that the parties must file a joint status report by 2/24/2020 stating whether they believe discovery should continue to be stayed or move forward. If the latter, the parties must also submit a proposed joint discovery plan and scheduling order by 2/24/2020.**