UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TINA NGUYEN CRUZ, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>KATE SPADE & COMPANY, LLC,<br><br>Defendant. | Case No. 2:19-cv-00952-APG-BNW<br><br>**JOINT STIPULATION TO STAY DISCOVERY FOR 60 DAYS AND EXTEND PLAINTIFF'S PROPOSED DISCOVERY BY SIX MONTHS (THIRD REQUEST)**<br><br>Compl. Filed:   June 5, 2019<br>Trial Date:       None Set |

## JOINT STATUS REPORT AND STIPULATION

Plaintiff Tina Nguyen Cruz ("Plaintiff") and Defendant Tapestry, Inc. (erroneously sued as Kate Spade & Company, LLC) ("Kate Spade"), through their respective counsel, hereby stipulate as follows:

1. Good cause exists to stay discovery for 60 days or until Kate Spade answers the Complaint, whichever occurs sooner, as well as to move all dates proposed by Plaintiff in its portion of the parties' joint proposed discovery plan and scheduling order (Dkt. No. 33) out six months to accommodate for this stay and the ongoing COVID 19 crisis.

2. Plaintiff's Class Action Complaint ("Complaint") was filed on June 5, 2019 (Dkt. No. 1).

3. Kate Spade filed its Motion to Dismiss and to Strike ("Motion to Dismiss") on September 16, 2019 (Dkt. No. 11), Plaintiff filed her Opposition on September 30, 2019 (Dkt. No. 14), and Kate Spade filed its Reply in support of its Motion to Dismiss on October 7, 2019 (Dkt. No. 17).

4. On December 19, 2019, the parties stipulated to a stay of the Federal Rule of Civil Procedure 26(f) conference of counsel and all subsequent discovery for sixty (60) days or pending a ruling on Kate Spade's Motion to Dismiss, which ever occurred sooner (Dkt. No. 28).

5. On December 23, 2019, the Court granted the parties' stipulation and ordered that the parties file a joint status report by February 24, 2020 (Dkt. No. 30).

6. On February 24, 2020, the parties stipulated to a further stay of the Federal Rule of Civil Procedure 26(f) conference of counsel and all subsequent discovery for fifteen (15) days or pending a ruling on Kate Spade's Motion to Dismiss, whichever occurred sooner (Dkt. No. 32).

7. On February 25, 2020, the Court granted the parties' stipulation and ordered that the parties file a joint proposed discovery plan and scheduling order by March 27, 2020 unless the case was dismissed in its entirety prior thereto (Dkt. No. 33).

8. On March 27, 2020, the parties filed a joint proposed discovery plan and scheduling order, which proposed two different discovery plans and schedules. (Dkt. No. 34). Plaintiff's discovery plan listed out actual dates, while Kate Spade's was tied to issuance of a

ruling on its Motion to Dismiss. Concurrently therewith, Kate Spade filed a Motion for a Protective Order Staying Discovery ("Motion to Stay") (Dkt. No. 35).

9. The Court has still not ruled on Kate Spade's Motion to Dismiss or Motion to Stay, or entered a scheduling order in this action.

10. Accordingly, the parties jointly request that the Court stay discovery for a further 60 days or until Kate Spade answers the Complaint, whichever occurs sooner. While the Court has still not entered a scheduling order, Plaintiff also requests that its proposed dates in the parties' joint proposed discovery plan and scheduling order (Dkt. No. 33) be moved out six months to accommodate for this stay and the ongoing COVID 19 crisis. Kate Spade has no objection to Plaintiff's requested change to its proposed schedule. Kate Spade stands by its proposed schedule, which ties future case dates to a ruling by the Court on its Motion to Dismiss.

11. This request is made in good faith in order to save the parties and the Court the time and resources required to engage in discovery and motion practice related thereto, in the midst of a global pandemic, until the pleadings have been set. The proposed stay will not cause prejudice to either party. This is the parties' third request to stay discovery.

12. The parties reserve all rights regarding the propriety, scope, and timing of discovery upon expiration of this proposed stay.

**IT IS SO STIPULATED AND REQUESTED, THROUGH THE BELOW COUNSEL OF RECORD**:

Dated: August 12, 2020

/s/ Walter R. Cannon
**OLSON, CANNON, GORMLEY, ANGULO & STROBERSKI**
Walter R. Cannon (Nev. Bar No. 001505)
9450 West Cheyenne Avenue
Las Vegas, Nevada 89129

**SHEPPARD, MULLIN, RICHTER & HAMILTON LLP**
P. Craig Cardon
(Cal. Bar. 168646, admitted *pro hac vice*)
Dylan J. Price (Cal. Bar No. 258896)
Bridget J. Russell (Cal. Bar No. 288107)
1901 Avenue of the Stars, Suite 1600

Dated August 12, 2020

/s/ Miles N. Clark
**KNEPPER & CLARK LLC**
Matthew I. Knepper (Nev. Bar No. 12796)
Miles N. Clark (Nev. Bar No. 13848)
5510 S. Fort Apache Rd., Suite 300
Las Vegas, NV 89148-7700

**FINKELSTEIN THOMPSON LLP**
Gordon M. Fauth, Jr.
(Cal. Bar No. 190280, admitted *pro hac vice*)
Hope E. Ranoa (Cal. Bar No. 298366)
15 Shattuck Square, Suite 245
Berkeley, CA 94704

Los Angeles, California 90067-6055

*Attorneys for Tapestry, Inc.*

**FINKELSTEIN THOMPSON LLP**
Mila Bartos (DC Bar No. 464227)
3201 New Mexico Ave., Suite 395
Washington, DC 20016
Phone: (202) 337–8000
Email: mbartos@finkelsteinthompson.com
Email: rbcthomas@finkelsteinthompson.com

*Attorneys for Tina Nguyen Cruz*

### ORDER

**IT IS ORDERED** that ECF No. 41 is GRANTED.
**IT IS FURTHER ORDERED** that ECF No. 34 is DENIED as MOOT.
**IT IS FURTHER ORDERED** that ECF No. 35 is DENIED as MOOT.
**IT IS FURTHER ORDERED** that the parties file a new joint proposed discovery plan and scheduling order reflecting their proposed schedule within 14 days.

**IT IS SO ORDERED.**

Dated: August 18, 2020

_____
HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

SMRH:4848-3216-8390.1                     JOINT STIPULATION TO STAY DISCOVERY