UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TINA NGUYEN CRUZ,<br><br>    Plaintiff<br><br>v.<br><br>KATE SPADE & COMPANY, LLC,[1]<br><br>    Defendant | Case No.: 2:19-cv-00952-APG-BNW<br><br>**Order (1) Granting in Part Motion to Dismiss, (2) Denying Request for Judicial Notice, and (3) Granting Leave to Amend**<br><br>[ECF Nos. 11, 13] |

Plaintiff Tina Nguyen Cruz brings a putative class action against Kate Spade & Company, LLC for displaying purported illusory reference prices to induce consumers to purchase merchandise at outlet stores. Cruz purchased two items at a Kate Spade outlet after seeing signs in the store indicating the items were significantly discounted from the prices listed on the tags. Cruz alleges that she did not get the deal she thought she was getting because items at Kate Spade outlet stores are never actually sold at the reference price marked on the tags. Cruz argues that price tags displaying these false reference prices, and the accompanying signs that convey mark-downs from those reference prices, are false, misleading, and deceptive.

Based on these allegations, she contends that Kate Spade violated Nevada's consumer fraud laws, made negligent misrepresentations, and was unjustly enriched. Kate Spade moves to dismiss, arguing that Cruz failed to meet the pleading requirements and did not allege harm that entitles her to relief. Cruz responds that her complaint is sufficiently pleaded in light of Kate

---

[1] The defendant indicates, in numerous filings and in the Stipulated Discovery Plan and Scheduling Order, that Kate Spade & Company, LCC no longer exists and that Tapestry, Inc. is its successor. ECF No.43 at 1 n.1. Because I am giving leave to amend, Cruz may correct the defendant's name in the amended complaint.

Spade's exclusive control over its historical pricing data and that she alleged harm by pleading that she would not have bought the items but for the purported discounts.

I deny Kade Spade's request to take judicial notice of documents filed in support of the motion to dismiss. I grant its motion to dismiss because the complaint fails to meet the heightened pleading standard required for claims sounding in fraud and it alleges an unjust enrichment claim that is barred because Cruz has an adequate remedy at law. I deny the motion to dismiss in all other aspects. I grant Cruz leave to amend her complaint to cure the deficiencies.

**I.     BACKGROUND**

While visiting a Kate Spade outlet store in Las Vegas, Nevada, Cruz found a wallet and purse that she was interested in purchasing. ECF No. 1 at 5. The price tag for each item contained one price, listed as "Our Price." *Id.* at 5. Signs next to the merchandise indicated the items were discounted by a significant percentage off the listed prices. *Id.* Believing she was getting a bargain and that the bargain could end soon, Cruz decided to purchase the merchandise. *Id.* However, Cruz alleges that she later learned the items at the outlet store are never sold at the "Our Price" amount indicated on the tags and are sold only at the lower "discounted" prices. *Id.* at 8. She further alleges that items sold at Kate Spade outlets are sold only at the outlets rather than through other Kate Spade merchandise channels. *Id.* Cruz states that she would not have purchased the items, or would have paid significantly less for them, had she known their true market value. *Id.* at 10.

Cruz brought this putative class action asserting several claims against Kate Spade. She alleges that Kate Spade's reference pricing practices constitute consumer fraud under Nevada Revised Statutes (NRS) § 41.600(1) as a deceptive trade practice under NRS § 598.0915(13) and

as false, deceptive, and misleading advertising under NRS § 207.171.  She also alleges the reference pricing constitutes negligent misrepresentation and that it unjustly enriched Kate Spade.

## II.     ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief."  For a motion to dismiss, I must apply a two-step process in evaluating whether a party has stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  First, I must accept as true all of the complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Legal conclusions and "mere conclusory statements" are not entitled to that same assumption of truth. *Id.* at 678-79.  Second, I must determine whether the complaint's factual allegations put forward a plausible claim for relief. *Id.* at 679.  The well-pleaded facts must show that the claims are plausible, not merely conceivable. *Id.* at 683.  This is a context-specific determination that requires drawing on my judicial experience and common sense. *Id.* at 679.

### A. Documents Filed in Support of the Motion

Kate Spade asks me to consider a sample price tag and a sign that show that Cruz's allegations are not plausible.  At the motion to dismiss stage I typically cannot consider exhibits outside of a complaint without converting the motion into one for summary judgment.  Kate Spade relies on the "incorporation by reference" doctrine, which allows me to treat certain documents as if they were originally attached to the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The doctrine applies when a plaintiff's complaint discusses the contents of a document without attaching it. *Hicks v. PGA Tour, Inc.*, 897 F.3d

1109, 1117 (9th Cir. 2018). A defendant can offer the document for consideration at dismissal, so long as no party can fairly question its authenticity. *Id.*

The doctrine does not apply here because Cruz does not mention the sign in her complaint nor rely on its contents.[2] Additionally, the price tag Kate Spade offers is not for either of the items Cruz alleges she purchased. *See* ECF No. 12 at 5. And Cruz questions the authenticity of the price tag and sign. ECF No. 14 at 13. Thus, I will not consider these exhibits at this stage.

**B. Sufficiency of Pleaded Facts Under Rule 9(b)**

In addition to Rule 8's pleading requirements, Cruz's claims must also meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard because all of her claims sound in fraud.[3] Thus, she must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The heightened pleading standard provides defendants with notice, deters plaintiffs from filing complaints "as a pretext for the discovery of unknown wrongs," protects defendants from unwarranted reputational harm, and blocks plaintiffs from imposing the costs of litigation "absent some

---

[2] Kate Spade relies on the Ninth Circuit case *Knievel v. ESPN* for the notion that a document need not be referenced in the complaint for the doctrine to apply. 393 F.3d 1068, 1076 (9th Cir. 2005). However, this case is distinct from *Knievel* because there is no evidence that Cruz read the proffered sign while shopping in the outlet store and she disputes the authenticity of the sign and price tag. *See id.* at 1076-77.

[3] Cruz does not dispute this. ECF No. 14 at 10. Her consumer fraud statutory claims and her common law negligent misrepresentation claim require elements that sound in fraud. NRS § 598.0915(13) (containing the element "false or misleading"); § 207.171 (concerning the display of "false, deceptive, or misleading" statements); *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 335 P.3d 190, 197 (Nev. 2014) (stating that one element of a negligent misrepresentation claim is that the defendant "suppl[ied] false information" (quotation omitted)). And while an unjust enrichment claim does not require proof of fraud, Cruz supports this claim of with allegations of "misleading, inaccurate and deceptive advertising." ECF No. 1 at 19.

4

factual basis." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotations omitted).

To meet the heightened pleading standard, a plaintiff must provide the "who, what, when, where, and how" of the fraudulent misconduct. *Vess*, 317 F.3d at 1106 (internal quotations omitted). This requires "more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (emphasis omitted). The standard can be relaxed when the facts of fraud are in the defendant's exclusive control. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). This does not "nullify" Rule 9(b) as the plaintiff must still state the "factual basis for the belief." *Id.*; *see Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (requiring plaintiffs to plead facts surrounding the fraud for "which they can reasonably be expected to have access").

Kate Spade contends that Cruz has failed to meet both Rule 9's heightened pleading standard and Rule 8. It argues Cruz's complaint turns on her assertions that the items are never sold at the reference prices and that its outlets sell only made-for-outlet products. Kate Spade contends Cruz did not offer any factual bases for these allegations. It also points out that Cruz did not conduct a pre-suit investigation, which some district courts in similar reference pricing cases have required. Cruz responds that the evidence necessary to allege the falsity of the reference prices, such as Kate Spade's historical pricing information, is in Kate Spade's exclusive control so her complaint needs to satisfy only the more relaxed Rule 9(b) standard.

Courts are divided on whether, and to what extent, a pre-suit investigation should be required for reference pricing cases.[4] While consumers need not conduct a rigorous investigative

---

[4] The Ninth Circuit has come out on both sides in unpublished cases. *Compare Sperling v. DSWC, Inc.,* 699 F. App'x 654, 655 (9th Cir. 2017) (affirming dismissal in a complaint that lacked a specifically alleged investigation), *with Rubenstein v. Neiman Marcus Grp. LLC*, 687 F.

to survive a motion to dismiss, some factual support is necessary for the complaint's allegations to be facially plausible. *See Iqbal*, 556 U.S. at 683; *see also* Fed. R. Civ. P. 11(b)(3) (requiring attorneys to certify that factual contentions in pleadings have evidentiary support or will likely have evidentiary support after discovery). Cruz's complaint does not allege a plausible factual basis for her allegations that Kate Spade's conduct involved false information. Because falsity is a necessary element or critical part of all Cruz's claims, I dismiss the complaint.

First, Cruz cannot resort to the more relaxed Rule 9(b) standard because not all information and sources related to Kate Spade's reference pricing is held exclusively by Kate Spade. There are ways to obtain information on the reference prices before filing suit. In other reference pricing cases, plaintiffs were able to support their complaints with descriptions of how they tracked price changes for certain products over a period of time and compared online prices or products. *See Fisher v. Eddie Bauer LLC* (*Fisher II*), No. 19CV857 JM (WVG), 2020 WL 4218228, at *3 (S.D. Cal. Feb. 3, 2020); *Jacobo v. Ross Stores, Inc.* (*Jacobo II*), No. CV-15-04701-MWF-AGR, 2016 WL 3483206, at *3 (C.D. Cal. June 17, 2016). For example, plaintiffs

---

App'x 564, 568 (9th Cir. 2017) (holding that fictitious pricing allegations based on information and belief are alone sufficient). Several district courts have required plaintiffs to allege that they conducted a pre-suit investigation and to explain their findings to survive a motion to dismiss. *See, e.g.*, *Fisher v. Eddie Bauer* (*Fisher I*)*, LCC*, 19-CV-857-JM, 2019 WL 9467922, at *5 (S.D. Cal. Oct. 18, 2019) (requiring a pre-complaint investigation of "sufficient depth" and finding that tracking the price of two products in only one outlet store over 90 days was not enough); *Jacobo v. Ross Stores, Inc.* (*Jacobo I*), No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *3 (C.D. Cal. Feb. 23, 2016) ("Plaintiffs must conduct a reasonable investigation into their claims and plead at least some facts to bolster their 'belief' that the 'Compare At' prices were inaccurate."). Other district courts have held it sufficient to allege items were never sold at the original price or to allege that the plaintiff investigated without saying more. *Nemykina v. Old Navy, LLC*, --- F. Supp. 3d -----, 2020 WL 2512884, at *1, *4 (W.D. Wash. May, 15, 2020) (finding that a general reference to "subsequent investigation of [the plaintiff's] counsel" was sufficient); *Stathakos v. Columbia Sportswear Co.*, Case No. 15cv4543 YGR, 2016 WL 1730001, at *4 (N.D. Cal. May 2, 2016) ("[P]laintiffs are not required to plead that they had conducted a pre-suit investigation . . . in every case, particularly where the information is not within the personal knowledge of the pleader.").

in a reference price case brought against Kate Spade in California supported their complaint with internet comparative and archival research, corporate documents, interviews with former and current employees, and references to unique product codes. *Pickles v. Kate Spade & Co.*, No. 15-CV-05329-VC, 2016 WL 3999531, at *1 (N.D. Cal. July 26, 2016).

Second, even if the historical reference pricing was in Kate Spade's exclusive control, Cruz has failed to provide any factual basis for her statements made on information and belief, which she must do even under the relaxed pleading standard. *Neubronner*, 6 F.3d at 672. Cruz's complaint alleges no facts to support her belief. Any person could go to any outlet store, purchase any item, and then write this same complaint. Determining that this complaint states a claim, without providing more, would be contrary to Rule 9(b)'s purpose of preventing the court system from being used to discover unknown wrongs. *Kearns*, 567 F.3d at 1125.

Cruz has failed to meet the Rule 9(b) pleading standard for her allegations regarding the falsity of Kate Spade reference prices. I therefore dismiss the complaint.

Under Rule 15, leave to amend "shall be freely given when justice so requires." In general, dismissal of a complaint without leave to amend is proper only if amendment would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). Cruz has filed a declaration from her attorney that includes some additional (albeit vague) facts and a reference to an "investigation." ECF No. 14-1 at 3-4. While I cannot consider those documents to resolve the motion to dismiss, this additional information makes it at least possible that Cruz can remedy the complaint's deficiencies to meet Rule 9(b) pleading standards. I grant Cruz leave to amend.

**C. Permissibility of Unjust Enrichment Claim When Statutory Relief is Available**

Kate Spade contends that Cruz's unjust enrichment claim should be barred because she has adequate legal remedies through the Nevada consumer laws. Cruz responds that NRS

§ 41.600(3) permits her to pursue both damages and equitable relief, and that Rule 8(d) allows for alternative pleading. Because I am granting Cruz leave to amend, I address these arguments to determine whether amendment to the unjust enrichment claim would be futile.

Under Nevada law, equitable claims are not available where the plaintiff has a full and adequate remedy at law. *Small v. Univ. Med. Ctr. of S. Nev.*, No. 2:13-cv-00298-APG-PAL, 2016 WL 4157309, at *3 (D. Nev. Aug. 3, 2016) (citing *State v. Second Judicial Dist. Ct. in & for Washoe Cnty.*, 241 P. 317, 322 (Nev. 1925)). As the unjust enrichment claim is currently pleaded, there is not any meaningful distinction between it and the claims brought under the Nevada consumer law statutes. NRS §§ 41.600(3)(a)-(b) allows for damages and "any equitable relief the court deems appropriate." Cruz has not identified why the statutory provisions do not provide her with an adequate remedy. Cruz bases her unjust enrichment claim only on the allegation that the reference prices are "misleading, inaccurate, and deceptive advertising." ECF No. 1 at 19. The consumer statutes cover false, misleading, and deceptive statements regarding the price of goods. NRS §§ 598.0915(13); 207.171. At least as currently pleaded, the statutory provisions provide Cruz with a full and adequate remedy at law, so her unjust enrichment claim is not permissible. But because it is not clear that amendment would be futile, Cruz may amend her complaint to plead additional facts that would allow her to recover under an unjust enrichment theory in a way that the statutes would not allow, if such facts exist.

**D. Sufficiency of Prayers for Relief**

Kate Spade argues that Cruz cannot sustain her prayers for relief because she has not suffered harm that would entitle her to any amount of damages or restitution.[5] Kate Spade

---

[5] Kate Spade also argues that the Nevada consumer statute bars Cruz from pursuing equitable relief. But NRS §§ 41.600(3)(a)-(c) allows plaintiffs bringing private rights of action to seek "equitable relief that the court deems appropriate," in addition to damages and attorney's fees.

8

contends that the test for relief should be the difference between what Cruz paid and the value she received. Because Cruz paid the discounted price and received something valued at the price she paid, Kate Spade argues Cruz suffered no harm. Kate Spade asserts that to maintain her prayers for relief, Cruz should be required to allege that she received items that were worth less than what she paid for them or to allege the items were damaged or defective. Cruz argues that she suffered harm by purchasing items she would not have otherwise purchased or that she would have purchased only at a lower cost. She contends that Kate Spade received a price premium benefit and additional sales because of the alleged unlawful conduct.

There are several ways to measure restitution. *See* Restatement (Third) of Restitution and Unjust Enrichment III 7 1 Intro. Note (2011). For example, restitution can be calculated by a conscious wrongdoer's profits, even if it may exceed any loss to the claimant. *Id*. § 51. Because Cruz has alleged she would not have purchased the items but for the reference pricing, she has sufficiently alleged harm that could be determined under some measure of restitution. It is thus premature to conclude at this stage that she cannot state any form of restitutionary relief. *See Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2016 WL 1730001, at *4 (N.D. Cal. May 2, 2016) ("The question of whether or not plaintiffs can later prove the amount of monetary restitution is a question better addressed at a later stage.").

Cruz has not alleged her items are worth less than what she paid for them,[6] but that is not required to survive a motion to dismiss. The Nevada consumer fraud statute allows a cause of action for anyone who is a "victim" of consumer fraud. NRS § 41.600(1); *see Fairway Chevrolet Co. v. Kelley*, No. 72444, 429 P.3d 663, 2018 WL 5906906, at *1 (Nev. 2018) (construing

---

[6] In both the Opposition and in an attached declaration, Cruz includes other facts that suggest Kate Spade outlet products are different in quality. *See* ECF Nos. 14 at 13; 14-1, at 3-5. If Cruz intends to rely on those facts, she must plausibly allege them in her amended complaint.

"victim" as "conno[tating] some sort of harm being inflicted"). The Ninth Circuit has also acknowledged that false reference prices can amount to economic injury when the consumer alleges that (1) she relied on a misrepresentation and (2) she would not have bought the product but for the misrepresentation. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013) (interpreting California consumer statutes and case law). Cruz alleges she spent her money on purchases that she otherwise would not have. Consequently, an amended complaint that sets forth these prayers for relief would not be futile.[7]

### III. CONCLUSION

I THEREFORE ORDER that defendant Kate Spade's motion to dismiss **(ECF No. 11) is GRANTED IN PART**. I dismiss all of plaintiff Tina Cruz's causes of action.

I FURTHER ORDER that plaintiff Tina Cruz may file an amended complaint by October 21, 2020. If she fails to file an amended complaint by that date, this case will be closed.

DATED this 30th day of September, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[7] Kate Spade also moves to dismiss the prayers for relief related to the proposed class. ECF No. 11 at 23 n.10. As this is a proposed class action, there is no basis to strike the prayers for class relief at this stage.